GENERAL MOTORS CORPORATION,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 77–1462.

United States Court of Appeals,
Sixth Circuit.

Dec. 7, 1979.

Wendell R. Tucker, Frazier F. Hilder, Otis M. Smith, Eugene L. Hartwig, J. R. Wheatley, Wallett B. Rogers, Michael J. Connolly, M. Alice McCann, Detroit, Mich., for petitioner.

Elliott Moore, Charles P. Donnelly, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit Mich., for respondent.

Before LIVELY, BROWN and MARTIN, Circuit Judges.

### ORDER

General Motors Corporation has petitioned this court to set aside an order of the N.L.R.B. (230 NLRB No. 118) following proceedings under § 10 of the N.L.R.A., as amended, 29 U.S.C.A. §§ 151 *et seq.* The Board has cross-petitioned for enforcement.

The Board found that General Motors violated § 8(a)(1) and (3) of the Act when it deprived one of its employees, McClellan, of the opportunity of working double shifts because, the Board determined, of McClel-

lan's partially successful settlement of certain grievances in 1975.

■ While it is undisputed that McClellan had no right under the collective bargaining contract or otherwise to work double shifts (called "doubles"),* we agree with the Board that to deprive McClellan of an opportunity to work double shifts because of his partially successful prosecution of grievances would be an unfair labor practice.

General Motors contends that, in an effort to comply with national policy with respect to discrimination against females in employment, it had promoted females to supervisory positions in its plant where McClellan, the charging party, worked; that McClellan had set about harassing such females; and that it deprived McClellan of his opportunity to work doubles to separate him from such supervisory females. As stated, the Board found, on the contrary, that McClellan was deprived of such work opportunity because he had in the past partially prosecuted a grievance.

■ This court can set aside and deny enforcement of an N.L.R.B. order "when it cannot conscientiously find that the evidence supporting [the] decision [of the N.L.R.B.] is substantial, when viewed in the light that the record in its entirety furnishes, including the body of the evidence opposed to the Board's view." *Universal Camera Corp. v. N. L. R. B.,* 340 U.S. 474, at 488, 71 S.Ct. 456 at 465, 95 L.Ed. 456 (1951).

■ This court, upon the consideration of the whole record, is of the view that the determination by the Board is not supported by substantial evidence.

It is ORDERED that the order of the Board be set aside and enforcement denied.

---

* This practice of working doubles is actually frowned upon by the Union (U.A.W.) because it takes work away from other employees.